[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10429
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00208-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 23, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jamie Gibson pled guilty to an information charging that from June 2005 through July 2008, she committed wire fraud by carrying out a scheme to defraud her employer, in violation of 18 U. S. C. § 1343. The employer was The Sullivan Group, a human resources and payroll outsourcing company; Gibson was its Comptroller. The Sentencing Guidelines prescribed a sentence range of 27 to 33 months' imprisonment. The District Court sentenced her to 27 months. She now appeals the sentence, claiming that it is substantively unreasonable because the court failed to consider her immediate and voluntary attempts at restitution well before she ever learned of the criminal investigation that led to the criminal charge. We affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Although we do not presume that a sentence falling within the Guidelines sentence range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The factors a District Court is required to take into account in arriving at a sentence are set out in 18 U.S.C. § 3553(a). The weight the court should give them is a discretionary call. *United States v. Williams*, 526 F.3d 1312, 1322 (11th

2

Cir. 2008) (citation and alteration omitted).  Gibson embezzled, in round numbers, $189,584 through payroll fraud, $47,818 via accounts payable , and $96,251 in credit card fraud.  She repaid The Sullivan Group $195,924 prior to sentencing, leaving a balance of $137,729 outstanding.  There is no indication in the record that the District Court, in weighing the § 3553(a) factors, failed to take all of this into account, including her attempts to make restitution before she was caught and turned over to law enforcement authorities.

AFFIRMED.